## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-06-536 |
| | § | |
| ONE 2003 KENWORTH TRACTOR | § | |
| VIN# 1XKAD49X73J387066 AND | § | |
| ONE 1995 GREAT DANE TRAILER | § | |
| VIN# 1GRAA0629SW042506, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT

On this day came on to be considered Plaintiff's "Motion for Default Judgment as to all Potential Claimants that have Failed to Appear, and for Summary Judgment as to Cruz Jesus Vega-Jimenez" (D.E. 7). For the reasons stated herein, the Court GRANTS the Plaintiff's motion.

### I. JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355 because the United States is the Plaintiff in this forfeiture in rem action.

### II. BACKGROUND

On December 5, 2006 the United States of America ("Plaintiff") filed a "Complaint for Forfeiture" in this Court, naming as Defendants one 2003 Kenworth Tractor (VIN# 1XKAD49X73J387066) and one 1995 Great Dane Trailer (VIN# 1GRAA0629SW042506). (D.E. 1.)

In the Complaint, Plaintiff alleged that the Defendant Tractor and Defendant Trailer were used in the commission of a violation of 8 U.S.C. § 1324(a) (bringing-in/harboring aliens) and thus subject to forfeiture pursuant to 8 U.S.C. § 1324(b). On December 28, 2006, Mr. Cruz Jesus Vega-Jimenez ("Claimant" or "Mr. Vega-Jimenez") filed an "Answer" to the Complaint, alleging that he was the owner of the Defendant Tractor-Trailer and that the Defendant Tractor-Trailer was not subject to forfeiture.[1]  (D.E. 3, 4.)  On March 23, 2007, Plaintiff filed a Motion for Summary Judgment against Claimant. (D.E. 7.)  Claimant, however, failed to file a response to the motion.[2]  The Court now considers Plaintiff's Motion for Summary Judgment.  The following facts are not in dispute:

On July 30, 2006, United States Border Patrol Agents Romuldo Barrera and Ruben Garza were on duty at the primary checkpoint on northbound Highway 281 near Falfurrias, Texas.  (Pl.'s Ex. ("PEX")

---

[1] Plaintiff published notice of the forfeiture action as required by the Supplemental Rules for Admiralty or Maritime Claims G(4)(a).  (D.E. 5.)  Other than Mr. Vega-Jimenez, however, no other person filed a claim or otherwise made an appearance in this action.

[2] A party's failure to respond to a motion for summary judgment does not alone support the automatic granting of the motion.  The moving party still must establish the absence of a genuine issue of material fact. See, e.g., Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); John v. Louisiana, 757 F.2d 698, 709 (5th Cir. 1985); Jones v. Fountain, 121 F. Supp. 2d 571, 572 (E.D. Tex. 2000).  Nonetheless, the Court will generally assume that the movant's facts as claimed and supported by admissible evidence are uncontroverted and undisputed. See, e.g., Ceasar v. Lamar Univ., 147 F. Supp. 2d 547, 551 (E.D. Tex. 2001); see also Eversley, 843 F.2d at 174.

1 at ¶ 2.)  On that day, the agents also had the services of a canine named "Diango."  (Id.)  Around 10:50 PM, a tractor-trailer rig driven by Mr. Vega-Jimenez entered the primary lane for inspection.  (Id.)  As the tractor-trailer pulled into the lane, Agent Barrera asked Mr. Vega-Jimenez about his citizenship status.  (Id.)  When Mr. Vega-Jimenez handed Agent Barrera a permanent resident alien card, Agent Barrera noticed that his hand was shaking.  (Id.)  Agent Barrera also asked Mr. Vega-Jimenez whether he was traveling alone.  (Id.)  Mr. Vega-Jimenez looked towards the back and "nervously responded: 'Yes.'" (Id.)

During Agent Barrera's conversation with Mr. Vega-Jimenez, Agent Garza and the canine Diango were conducting a non-intrusive free-air sniff of the tractor.  (Id.)  Diango "alerted" to an area near the sleeper compartment of the tractor.  (Id.)  Agent Barrera then asked Mr. Vega-Jimenez for permission to inspect the tractor to which Mr. Vega-Jimenez responded: "Sure."  (Id.)  Agent Barrera instructed Mr. Vega-Jimenez to drive the tractor-trailer rig up to the secondary inspection area for a further inspection of the tractor, and Mr. Vega-Jimenez complied.  (Id.)  Once the tractor-trailer arrived in the secondary inspection area, Agents instructed Mr. Vega-Jimenez to exit the tractor.  (PEX 1 at ¶ 3.)  A search of the tractor revealed that there were several people concealed in the cab of the tractor as well as in the sleeping area.  (Id.)  A total of twelve people overall were people were found in the tractor.  (PEX 1 at ¶ 5.)  Agents determined that these individuals

-3-

were undocumented aliens and were present in the country illegally. (Id.)  Mr. Vega-Jimenez was subsequently placed under arrest and escorted to the checkpoint station for processing.  (PEX 1 at ¶ 3.)

In the checkpoint station, Agent Barrera read Mr. Vega-Jimenez his Miranda warnings.  (PEX 1 at ¶ 4.)  Mr. Vega-Jimenez signed a form indicating that he understood the warnings and agreed to waive his right to remain silent.  (Id.)  Mr. Vega-Jimenez then informed the agents that, when he stopped for gas in Edinburg, Texas, he was approached by the illegal aliens and agreed to transport them to Houston for $600 each.  (Id.)  Following Mr. Vega-Jimenez's statement to the Agents, the Agents seized the tractor-trailer rig, which consisted of both: (1) the Defendant Kenworth Tractor (VIN# 1XKAD49X73J387066) and (2) the Defendant 1995 Great Dane Trailer (VIN# 1GRAA0629SW042506).  (PEX 1 at ¶ 6.)

On August 9, 2006, a federal Grand Jury returned a two-count indictment against Mr. Vega-Jimenez alleging violations of 8 U.S.C. § 1324.[3]  On September 26, 2006, Mr. Vega-Jimenez pleaded guilty to both counts of the indictment.  (PEX 2 at 20-23.)

## III. DISCUSSION

### A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to

---

[3] See United States v. Vega-Jimenez, 2:06-cr-561 (D.E. 14); see also PEX 2.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of [the record] which [it] believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). If the movant bears the burden of proof on a claim for which it is moving for summary judgment, the movant must come forward with evidence that establishes "beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in [its] favor." Fontenot v. UpJohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). In other words, a plaintiff "cannot attain summary judgment unless the evidence that [it] provides on [its claims] is conclusive." Torres Vargas v. Santiago

Cummings, 149 F.3d 29, 35 (1st Cir. 1998).  A plaintiff's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the [plaintiff]," otherwise summary judgment cannot be granted.  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994).  The nonmovant's burden is not satisfied by conclusory allegations, unsubstantiated assertions, or some metaphysical doubt as to the material facts.  Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003).  Similarly, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for [that party]."  Doe on Behalf of Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir. 1998) (internal quotes omitted).

**B.   Failure to File a Verified Claim**

Plaintiff contends that summary judgment is appropriate in this case because Claimant failed to file a verified claim and thus

has no standing to contest the forfeiture of the Defendant Tractor-Trailer.  (Pl.'s Mot. for Summ. Judg. at 2-4.)  With respect to the requirement of standing, the Fifth Circuit has held that:

> a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest sufficient to satisfy the court of its standing to contest the forfeiture. This principle may be carried to the point that property may be forfeited without any showing by the government that it is subject to forfeiture if the only claimant is unable or unwilling to provide evidence supporting his assertion of an interest in the property.

United States v. $321,470.00, U.S. Currency, 874 F.2d 298, 303 (5th Cir. 1989); United States v. One 18th Century Colombian Monstrance, 797 F.2d 1370, 1374 (5th Cir. 1986) (it is "elementary that, as a predicate to any action before a federal court, parties must establish that they have proper standing to raise a claim").  The "burden of establishing standing to contest a forfeiture is on the claimant seeking to come before the court."  Colombian Monstrance, 797 F.2d at 1374-75.  The "claimant need not prove the merit of his underlying claim, but he must be able to show at least a facially colorable interest in the proceedings" to confer standing.  Id. "The claimant must come forward with *some* evidence of his ownership interest in order to establish standing to contest a forfeiture [action] . . . a bare assertion of ownership in the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing."  United States v. $38,570, U.S. Currency, 950 F.2d 1108, 1112 (5th Cir. 1992).

A claimant must have two types of "standing" in order to contest a governmental forfeiture action: (1) "standing under the statute or statutes governing their claims" and (2) "standing under Article III of the Constitution as required for any action brought in federal court." United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999). "To establish statutory standing, a claimant asserting rights in property that has been seized and that is the subject of a forfeiture action in rem must file a verified claim" as required by the Supplemental Rules for Certain Admiralty and Maritime Claims.[4] Id.; United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1985) (filing of a verified claim under the Supplemental Rules is required to establish standing to contest the forfeiture action); see also United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990); United States v. $31,852.38 in U.S. Currency, 183 Fed. Appx. 237, No. 05-3321, 2006 WL 1538809 (3d Cir. June 6, 2006) (unpublished). Supplemental Admiralty and Maritime Claims Rule G provides a specific procedure for contesting a complaint of forfeiture:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
>     (A)   identify the specific property claimed;

---

[4] Forfeiture actions such as the present case are governed by Supplemental Admiralty and Maritime Claims Rule G. See Supp. R. G(1).

>    (B)   identify the claimant and state the claimant's interest in the property;
>
>    (C)   be signed by the claimant under penalty of perjury; and
>
>    (D)   be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supp. R. G(5)(a)(i). Verification of the claim on oath or solemn affirmation, is "an essential element of a claim" under the Rules. Currency in the Amount of $2,857.00, 754 F.2d at 213 (citing Baker v. United States, 722 F.2d 517, 519 (9th Cir. 1983) (danger of false claims in forfeiture proceedings is substantial)). Once a verified claim is filed, the claimant may then "serve and file an answer to the complaint . . . within 20 days after filing the claim." Supp. R. G(5)(b).

In this case, Mr. Vega-Jimenez has failed to present any evidence showing that he has either constitutional or statutory standing to contest this forfeiture action. With respect to statutory standing, Mr. Vega-Jimenez failed to file a verified claim as required by Supplemental Rule G(5)(a)(i). Rather, Mr. Vega-Jimenez filed only an "Original Answer" to the Complaint, which was not "signed by the claimant under penalty of perjury" or otherwise verified by oath or affirmation. (See D.E. 3, 4.) This is insufficient to confer to standing under the Rule. Currency in the Amount of $2,857.00, 754 F.2d at 213. Furthermore, with respect to constitutional standing, Mr. Vega-Jimenez has failed to provide any evidence that he owns or has some other interest in the

Defendant Tractor-Trailer.  The unsworn assertion in Mr. Vega-Jimenez's Answer that he owns the Defendant Tractor-Trailer (D.E. 4 at ¶ V), is not evidence and is insufficient to confer standing. $38,570, U.S. Currency, 950 F.2d at 1112 (bare assertion of ownership of property is inadequate).  Accordingly, Mr. Vega-Jimenez has failed to meet his burden of establishing his standing.

**C.   Summary Judgment on the Merits**

In addition to summary judgment based on standing, Plaintiff also alleges that it is entitled to summary judgment on the merits of this forfeiture case.  Under 8 U.S.C. § 1324, "[a]ny conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a) of this section . . . shall be seized and subject to forfeiture." Id. at § (b).  Thus, in order to obtain a forfeiture, Plaintiff must prove that Mr. Vega-Jimenez committed a violation of subsection (a), which imposes liability in part on any person who:

> (ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;

8 U.S.C. § 1324(a)(1)(A)(ii).

In this case, the undisputed evidence shows that Mr. Vega-Jimenez committed a violation of § 1324(a)(1)(A)(ii).  Following the discovery of the undocumented aliens in the Defendant Tractor-Trailer, Mr. Vega-Jimenez waived his right to remain silent and

told the Border Patrol Agents that:

> he had stopped for gas . . . in Edinburg, Texas, and was there approached by the illegal aliens he was transporting. Mr. Vega-Jimenez stated that he agreed to transport them to Houston, Texas, for six hundred dollars each.

(PEX 1 at ¶ 4.) Furthermore, at his rearraignment hearing before the Honorable John D. Rainey on September 26, 2006, Mr. Vega-Jimenez admitted that he knew that the aliens had entered the United States in violation of law and that he transported the aliens within the United States to further their unlawful presence. (PEX 2 at 20-23.) Mr. Vega-Jimenez then pleaded guilty to two counts of violating § 1324(a)(1)(A)(ii). (PEX 2 at 22-23.) As the Fifth Circuit has held, a guilty plea "is more than a mere confession; it is an admission that the defendant committed the charged offense" and therefore carries "a strong presumption of verity." United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006) (citing Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991); United States v. Adam, 296 F.3d 327, 333 (5th Cir. 2002)). Accordingly, Plaintiff has met its burden of proving that Mr. Vega-Jimenez used the Defendant Tractor-Trailer in the commission of a violation of 8 U.S.C. § 1324(a) and is therefore subject to forfeiture. Plaintiff's Motion for Summary Judgment is GRANTED.[5]

---

[5] To the extent that Claimant raises other arguments in his "Answer," the Court need not consider them because Mr. Vega-Jimenez failed to raise them in opposition to summary judgment, and in fact failed to oppose summary judgment at all. A theory raised in the initial pleading will be waived "[if] it [i]s not raised in opposition to a motion for summary judgment." Savers

D.    **Default Judgment**

Finally, Plaintiff argues that it is entitled to judgment by default against any other persons or entities claiming an interest in the Defendant Tractor-Trailer because such persons or entities failed to appear and contest the forfeiture.  Under Supplemental Rule G, any person asserting an interest in the subject property must file a claim "no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a)".  Supp. Rule G(5)(a)(ii)(B).  In this case, notice was published in the Corpus Christi Caller Times on January 24 and 31, as well as February 7, 2007. (D.E. 5.)  Well over thirty days have passed since the final publication of the newspaper notice and only Mr. Vega-Jimenez has appeared to contest the forfeiture.  Therefore, the time has passed for any other individuals or entities to file a claim in this case, and the Plaintiff is therefore entitled to a default judgment against such non-appearing persons.

---

Fed. Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989); Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995) ("Even an issue raised in the complaint but ignored at summary judgment may be deemed waived . . . [i]f a party fails to assert a legal reason why summary judgment should not be granted"); Mason v. Ashland Exploration, Inc., 965 F.2d 1421, 1425 (7th Cir. 1992).

**IV.   CONCLUSION**

For the reasons discussed above, the Plaintiff's Motion for Default Judgment and Summary Judgment (D.E. 7) is GRANTED.

SIGNED and ENTERED this 15th day of May, 2007.

_____
Janis Graham Jack
United States District Judge